**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**ANDREA HUDSON** **PLAINTIFF**

**VERSUS** **CIVIL ACTION NO.** 3:23CV214-MPM-JMV
**JURY TRIAL DEMANDED**

**NORTHWEST MISSISSIPPI**
**COMMUNITY COLLEGE** **DEFENDANT**

## COMPLAINT

COMES NOW, Plaintiff, ANDREA HUDSON, by and through her attorneys, Johnson & Bennett, PLLC, brings this Complaint for a cause of action against her former employer, Defendant, NORTHWEST MISSISSIPPI COMMUNITY COLLEGE, for discrimination based upon her race (Black) and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000*e*, *et seq*., and 42 U.S.C. § 1981.

## PARTIES

1. Plaintiff, Andrea Hudson, is an adult citizen of Desoto County, Mississippi.

2. Defendant, Northwest Mississippi Community College, is a political subdivision of the State of Mississippi with its main campus in Senatobia, Mississippi. Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964 (Title VII). It may be served with process through its President, Michael J. Heindl, 4975 Highway 51N, Senatobia, Mississippi, 38668.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to federal question under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343. This Court has authority to award costs and attorney fees pursuant to 42 U.S.C. § 1988.

4. Venue is proper in this action pursuant to 42 U.S.C. § 2000e-5(f)(3) because the events or omissions giving rise to Plaintiff's claims occurred in Tate County, Mississippi, which is within the Northern District of Mississippi, Oxford Division.

5. On July 6, 2022, Plaintiff timely filed her Charge of Discrimination against Defendant Northwest Mississippi Community College for race discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC) attached as Exhibit A.

6. Plaintiff received her Notice of Suit Rights from the EEOC regarding her Charge No. 490-2022-01560 alleging race (Black) discrimination and retaliation on March 10, 2023, attached as Exhibit B.

7. This lawsuit is timely filed.

## FACTS

8. On or about July 6, 2021, Plaintiff, Andrea Hudson (Black), was employed as an instructor by Northwest Community College at the Senatobia campus.

9. Ms. Hudson was hired as an instructor of cosmetology and held this position until she was terminated on May 13, 2022.

10. After Ms. Hudson began working as the only black cosmetology instructor for Defendant, instructor April Shappley (White) created problems for Ms. Hudson in the Cosmetology Department.

11. Ms. Hudson spoke to her supervisor, Dwayne Casey (White), Workforce Solutions Vice President, about the issues she was experiencing with Shappley.

12. Casey and Ms. Hudson had several conversations about Shappley, including Casey admitting to Hudson that Shappley could be an island unto herself.

13. Casey was not present in the department very often.

14. On the morning of October 21, 2021, Ms. Hudson went to Human Resources and spoke to Human Resource Manager Erika Stanford (Black) about the problems Ms. Hudson was experiencing with Shappley.

15. During the conversation with Ms. Hudson, Stanford told Ms. Hudson that the Cosmetology Department had a history of hiring staff based on race.

16. Stanford asked Ms. Hudson if having one black instructor and one white instructor was part of the issue.

17. Ms. Hudson told Stanford that Ms. Hudson believed the race differences could have an impact on the problems Ms. Hudson complained of with Shappley.

18. Stanford alluded to Ms. Hudson that the college was aware of the races of its employees.

19. On October 21, 2021, Ms. Hudson filed a grievance complaint about Shappley with Human Resources.

20. Ms. Hudson's October 2021 grievance outlined Shappley's actions that Ms. Hudson found to be unprofessional and unfair and requested assistance.

21. On October 25, 2021, Defendant reassigned Shappley to the Lafayette-Yolubusha Technical Center.

22. Upon information and belief, the black cosmetology instructor before Ms. Hudson had issues with race involving Shappley.

23. Upon information and belief, black students had complaints about Shappley being racist.

24. Following Ms. Hudson's grievance about Shappley, Casey began to appear in the department more often.

25. Before Ms. Hudson complained to Human Resources about Shappley, Casey was more open to speaking with Ms. Hudson.

26. When Shappley left the Senatobia campus, Ms. Hudson, a new instructor, was the only full-time instructor for approximately 30 students.

27. Ellisa Hardaway (Black) was hired as a student instructor shortly after Shappley left.

28. Hardaway's license was not posted as required by the Mississippi Board of Cosmetology (MSBC) when she began working as a student instructor.

29. The MSBC wrote up Defendant and Shappley for the lack of licensure.

30. Shappley's license was still displayed at the Senatobia campus as head instructor even though Shappley was no longer present.

31. Ms. Hudson communicated various issues with the Cosmetology Department to Casey's attention via electronic mail.

32. Casey never acknowledged Ms. Hudson's concerns regarding the Cosmetology Department.

33. In January 2022, Lori Lawson (White) filled Shappley's instructor position at the Senatobia campus.

34. Ms. Hudson's supervisor, Dwayne Casey (White) treated white instructor, Lawson, more favorably than Ms. Hudson.

35. Casey excluded Ms. Hudson from discussions regarding the Cosmetology Department by communicating solely with Lawson.

36. Casey excluded Ms. Hudson from important departmental meetings while including Lawson.

37. Casey refused to communicate with Ms. Hudson regarding important topics which impacted Ms. Hudson's ability to perform her job but would communicate with and convey information to Lawson.

38. Ms. Hudson attempted to communicate with Casey about the differences in treatment between Plaintiff and Lawson, but Casey did not respond to her inquiries.

39. Casey treated Ms. Hudson differently than he treated Lawson because of Ms. Hudson's race and based on Ms. Hudson's prior complaints about discrimination.

40. On April 14, 2022, Ms. Hudson communicated with Human Resource Manager Erika Stanford (Black) to discuss Ms. Hudson's issues regarding Lawson and Casey.

41. Defendant employs approximately 762 (76%) white employees to approximately 239 (24%) black employees.

42. Stanford instructed Ms. Hudson to email Dr. Mathew Domas (White), the Vice President of Instruction, and carbon copy Stanford about Hudson's racial complaints to ensure a quick reply from Domas.

43. On April 14, 2022, Ms. Hudson sent an email to Domas and Stanford complaining about the problems with Casey and Casey's preferential treatment towards Lawson.

44. Ms. Hudson stated in her April 14, 2022 email, "It makes me feel very uneasy about how he responds to the other instructor (Ms. Lawson) expeditiously but I cannot get a response at all. "

45. Ms. Hudson also stated:

a. "There is a repeat pattern happening and I am not happy about that; "and

b. "I feel like I am being discriminated against as opposed to the other instructor (Ms. Lawson)."

46. Domas replied to Ms. Hudson that Domas would speak to Casey and touch base with Ms. Hudson as soon as he was able.

47. Domas scheduled a meeting with Ms. Hudson for April 25, 2022.

48. On April 25, 2022, Ms. Hudson met with Domas.

49. During the meeting, Domas attempted to justify Casey's actions.

50. Domas excused Casey's behavior for every discrimination complaint Ms. Hudson made about Casey.

51. Ms. Hudson feared for her job when she left the meeting with Domas.

52. On May 13, 2022, less than a month after her protected activity, Defendant terminated Ms. Hudson.

53. Ms. Hudson did not receive any counseling or one-on-ones with anyone meetings while employed by Defendant.

54. Ms. Hudson did not receive any disciplinary action while employed by Defendant.

55. Ms. Hudson did not receive any performance evaluations while employed by Defendant.

56. Ms. Hudson's termination was due to her race (Black) and in retaliation for undertaking protected activity.

57. Defendant violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended.

58. Defendant's violations of Plaintiff's statutory rights under Title VII were intentional and willful and done in direct disregard for Plaintiff's right to be free from discrimination and retaliation for the protected activity undertaken pursuant to the aforementioned Act.

59. Defendant violated Plaintiff's rights under 42 U.S.C. § 1981.

60. Defendant's violations of Plaintiff's statutory rights under 42 U.S.C. § 1981 were intentional and willful and done in direct disregard for Plaintiff's right to be free from discrimination and retaliation for the protected activity undertaken pursuant to the aforementioned statute.

61. Plaintiff suffered the loss of pecuniary interest due to the actions of the Defendant in discriminating and retaliating against her, including loss of pay, loss of opportunities, benefits, and other tangibles.

62. Plaintiff has suffered mental anxiety and stress, inconvenience, loss of enjoyment of life, loss of income, and valuable benefits as a result of Defendant's actions.

63. Defendant's violation of Plaintiff's federally protected rights was done with malice or reckless indifference to Plaintiff's federally protected rights making Defendant liable for punitive damages.

**PRAYER FOR RELIEF**

64. Plaintiff, Andrea Hudson, sustained monetary and non-monetary damages as a result of Defendant's illegal conduct, and Ms. Hudson demands such legal and

equitable relief as will effectuate the purposes of 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 2000e, et seq., including but not limited to the following:

a. Accrual of backpay, front pay and fringe benefits;

b. Compensatory damages;

c. Humiliation and embarrassment;

d. Loss of enjoyment of life;

e. Lost opportunities;

f. Costs and attorney fees;

g. Appropriate affirmative action; and

h. Any other relief that this Court deems just and equitable.

65. Plaintiff prays that a jury be empaneled to decide this matter and to determine damages, and that Plaintiff be reinstated and awarded reasonable attorney fees and costs.

THIS the 7th day of June, 2023.

Respectfully submitted,

ANDREA HUDSON

**/s/Kristy L. Bennett**

KRISTY BENNETT BPR# 99525
TRESSA V. JOHNSON BPR# 104892
Attorneys for Plaintiff
Johnson & Bennett, PLLC
1407 Union Ave., Ste. 807

Memphis, TN 38104
(901) 402-6601
(901) 462.8629 fax
kristy@myjbfirm.com